IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Tyler J. | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-cv-50090 |
| | ) | |
| Andrew Marshall Saul, | ) | Magistrate Judge Lisa A. Jensen |
| Commissioner of Social Security, | ) | |
| | ) | |
|     *Defendant*. | ) | |

**JOINT MOTION FOR ENTRY OF JUDGMENT**

Pursuant to the Seventh Circuit's instructions in the two pending appeals in this case, the parties jointly move the Court to enter a new judgment, one that is both approved by Magistrate Judge Jensen and specifies the relief being awarded.

At oral argument on June 5, 2020, members of the Seventh Circuit panel assigned to the appeals expressed the view that the court of appeals might not have jurisdiction because this Court's judgment (Dkt. No. 46) is deficient in two respects: first, because it contains no indication that it was reviewed by Magistrate Judge Jensen; and second, because the judgment itself (as opposed to the judgment read together with the Court's opinion at Dkt. No. 45) does not state the relief to which the plaintiff is entitled. *See* Oral Argument Recording, *Jaxson v. Saul*, Nos. 19-3011 & 19-31251 (7th Cir. June 5, 2020), at 3:40-4:13 and 27:29-28:21, *available at* http://media.ca7.uscourts.gov/sound/external/cm.19-3011.19-3011_06_05_2020.mp3; *see also Johnson v. Acevedo*, 572 F.3d 398, 400 (7th Cir. 2009) (setting forth these requirements). The court of appeals therefore gave the parties 14 days (i.e., until June 19, 2020) to request a new judgment from this Court. Oral Argument Recording at 48:43-49:18.

To assist the Court, the parties propose language below for use in a final judgment that they believe addresses the Seventh Circuit's concerns. To comply with that court's timetable,

the parties respectfully request that this Court enter final judgment in this case no later than June 19, 2020.

Tyler J.'s proposed language:

> The decision of the Social Security Administration ("SSA") is reversed and the case is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, SSA must provide plaintiff with an opportunity to rebut the determination that there is reason to believe that fraud was involved in the submission of evidence signed by Dr. Frederic Huffnagle before that evidence is disregarded pursuant to 42 U.S.C. § 405(u)(1)(B). SSA also must conduct the proceedings on remand consistent with the agency's process for conducting agency-initiated determinations under HALLEX I-1-3-25. It is further ordered that plaintiff's benefits be reinstated while the remand is pending, subject to SSA's rules on payment eligibility.

Commissioner Saul's proposed language:

> The decision of the Social Security Administration (SSA) is reversed and the case is remanded for further proceedings. On remand, SSA must provide plaintiff with an opportunity to rebut the determination that there is reason to believe that fraud was involved in the submission of evidence signed by Dr. Frederic Huffnagle before that evidence is disregarded pursuant to 42 U.S.C. 405(u)(1)(B). It is further ordered that plaintiff's benefits be reinstated while the remand is pending, subject to SSA's rules on payment eligibility.

June 10, 2020

Respectfully submitted,

By: /s/ Stephanie R. Seibold
STEPHANIE R. SEIBOLD
BLACK & JONES ATTORNEYS AT LAW
308 West State Street, #300
Rockford, IL 61101
Telephone: (815) 967-9000
Facsimile: (815) 986-2762
sseibold@blackandjoneslaw.com

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Monica V. Mallory
MONICA V. MALLORY
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444
monica.mallory@usdoj.gov