IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Tyler J., | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 17 CV 50090 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Andrew Marshall Saul, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's motion for attorneys' fees and costs [62] pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is denied.

**I. Background**

In June 2010, an administrative law judge ("ALJ") found Plaintiff Tyler J. disabled and awarded him social security benefits. The ALJ made this determination without conducting a hearing and by relying solely on evidence submitted by Plaintiff's attorney, Eric C. Conn, from Dr. Frederic Huffnagle. It was later determined that Mr. Conn conspired with an ALJ and four doctors, including Dr. Huffnagle, to submit fraudulent evidence, which the ALJ would rely on to issue favorable decisions to Mr. Conn's clients. In 2015, the Office of Inspector General ("OIG") notified the Social Security Administration ("SSA") that it had reason to believe that fraud was involved in the applications of 1,787 former clients of Mr. Conn, including Plaintiff.

In May 2015, Plaintiff was notified that the SSA needed to redetermine his eligibility for benefits because there was reason to believe fraud was involved in certain cases involving Dr. Huffnagle and the ALJ in Plaintiff's case used Dr. Huffnagle's evidence to find him disabled. Plaintiff was further notified that during the redetermination process the SSA must disregard any evidence from Dr. Huffnagle if it was submitted by Mr. Conn. Accordingly, in 2016 a new ALJ held a hearing to redetermine Plaintiff's entitlement to benefits without considering Dr. Huffnagle's evidence. The ALJ found that there was insufficient evidence to support the earlier finding of disability and terminated Plaintiff's benefits.

In March 2017, Plaintiff filed a complaint in this court seeking judicial review of the Commissioner's final decision arguing that the SSA's redetermination procedures violated the Due Process Clause, the Administrative Procedures Act ("APA"), and the Social Security Act because he was not permitted to challenge the exclusion of Dr. Huffnagle's evidence during his

redetermination hearing. Plaintiff also argued that the Commissioner's decision following the redetermination hearing was not supported by substantial evidence.

In August 2019, this Court relied on the Sixth Circuit majority in *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786 (6th Cir. 2018), and remanded Plaintiff's case back to the Commissioner finding that the SSA's redetermination process violated the Due Process Clause and the APA because Plaintiff was not given the opportunity to rebut the OIG's determination that fraud was involved in the submission of evidence from Dr. Huffnagle. *Tyler J. v. Saul*, No. 17 CV 50090, 2019 WL 3716817 (N.D. Ill. Aug. 7, 2019), aff'd sub nom. *Jaxson v. Saul*, 970 F.3d 775 (7th Cir. 2020). This Court rejected Plaintiff's arguments under the Social Security Act and that the ALJ's redetermination decision was not supported by substantial evidence. The Commissioner filed a notice of appeal to the Seventh Circuit, and Plaintiff filed a cross appeal.

In June 2020, the Seventh Circuit affirmed this Court's decision that a remand was warranted to allow Plaintiff an opportunity to rebut the determination that there is reason to believe that fraud was involved in the submission of Dr. Huffnagle's evidence. *Jaxson v. Saul*, 970 F.3d 775 (7th Cir. 2020). However, the Seventh Circuit affirmed based on "ordinary norms of administrative law" and declined to opine on whether Plaintiff's due process rights had been violated. *Id.* at 778. It stated that although the relevant statutes require the SSA to redetermine every case that it finds may have been a product of fraud, they do not prescribe a specific process for determining if there is reason to believe that fraud was involved. *Id.* at 777. The court further stated that the intra-agency guidance that answered those questions lacked the force of law. *Id.* at 777.

Now before the Court is Plaintiff's timely motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), (d), seeking an award of $20,003.61 in attorneys' fees and $905 in costs. Dkt. 62. The Commissioner has responded, and Plaintiff has replied. Dkts. 66-67, 70.

## II. Discussion

The EAJA allows a "prevailing party" to receive attorney's fees for work performed in a judicial proceeding challenging an administrative denial of social security benefits, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be substantially justified, the Government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The Government bears the burden of proving that its position was, in fact, "substantially justified." *Floroiu v. Gonzales*, 498 F.3d 746, 748 (7th Cir. 2007); *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004). The Government meets its burden if: (1) it had a reasonable basis in truth for the facts alleged; (2) it had a reasonable basis in law for the theory propounded; and (3) there was a reasonable connection between the facts alleged and the theory propounded. *Conrad v. Barnhart,* 434 F.3d 987, 990 (7th Cir. 2006).

The position of the United States includes both the underlying agency conduct and the agency's litigation position. *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994); *see* 28 U.S.C.

§ 2412(d)(2)(D) ("'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); *see also Golembiewski,* 382 F.3d at 724 ("A decision by an ALJ constitutes part of the agency's prelitigation conduct."). Thus, "EAJA fees may be awarded if either the Government's prelitigation conduct or its litigation position are not substantially justified." *Marcus,* 17 F.3d at 1036. Although "the court must consider both the agency's pre-litigation conduct and its litigation position, . . . the court ultimately must make one binary decision – yes or no – as to the entire civil action." *Suide v. Astrue,* 453 F. App'x. 646, 648-49 (7th Cir. 2011).

The Commissioner opposes Plaintiff's motion solely on the basis that its position was substantially justified. Although this Court and the Seventh Circuit ultimately found that the SSA's redetermination procedure was improper, the Commissioner's position may still be justified even if it is not correct. *See Pierce*, 487 U.S. at 566 n.2 ("[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). Accordingly, the Commissioner argues that the SSA's redetermination process was reasonable at the time it acted because it was consistent with the plain language of the Social Security Act's fraud provisions and was aligned with the legislative history suggesting that Congress envisioned a streamlined procedure to expeditiously terminate fraudulently obtained benefits. *See Patrick v. Shinseki*, 668 F.3d 1325, 1330 (Fed. Cir. 2011) ("Where, however, the government interprets a statute in a manner that is contrary to its plain language and unsupported by its legislative history, it will prove difficult to establish substantial justification.").

The Social Security Act's fraud provisions require the Commissioner to "immediately redetermine the entitlement of individuals ... if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. §§ 405(u)(1)(A), 1383(e)(7)(A)(i). The Social Security Act further states that in making these redeterminations, the Commissioner "shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." *Id.* Accordingly, in discharging its duty to redetermine Plaintiff's eligibility for benefits, the SSA interpreted the statutes and Congress' intent as requiring evidence to be disregarded based on OIG's reason to believe fraud was involved.

Plaintiff does not address the Commissioner's arguments regarding the SSA's interpretation of these statutes or Congress' intent and instead argues that the Commissioner's prelitigation conduct was not substantially justified because "the Seventh Circuit found that the ALJ violated the agency's usual decision-making process [under 42 U.S.C. § 405(b)(1)] and was without legal rule to do so." Plaintiff's Motion at 6, Dkt. 62. Even though the SSA's interpretation of the statutes and its redetermination procedures later turned out to be improper, this Court cannot say that the SSA's interpretation at the time it acted was not substantially justified. *See Pierce*, 487 U.S. at 566 n.2 (finding that a position can be justified even though it is not correct). Plaintiff points to the Seventh Circuit's unequivocal determination in *Jaxson* that the SSA's "decisional process comes within 42 U.S.C. § 405(b)(1), which requires a reasonable notice and opportunity for a hearing." *Jaxson*, 970 F.3d at 778. However, this Court needs to evaluate the SSA's conduct at the time it acted and "guard against being subtly influenced by the familiar shortcomings of hindsight judgment." *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556 (6th Cir. 2021) (internal

3

quotation marks and citation omitted). At the time the Commissioner acted, the case law did not clearly establish that 42 U.S.C. § 405(b)(1) applied to the fraud determination at issue in this case. *See Tyler J.*, 2019 WL 3716817, at *13 (noting the Commissioner's reliance on *Robertson v. Berryhill*, No. CV 3:16-3846, 2017 WL 1170873, at *12 (S.D.W. Va. Mar. 28, 2017), to support argument that section § 405(b)(1) did not apply to the OIG determination of fraud).

Moreover, contrary to Plaintiff's assertion the Seventh Circuit did not state that the SSA was without legal authority to implement its redetermination procedures. The Seventh Circuit's discussion of the SSA's intra-agency guidance that lacked the force of law related only to the court's decision not to opine on the constitutional issue. In fact, the Seventh Circuit found that because the statutes at issue do not prescribe the required procedures for redeterminations, they left the SSA to determine who would decide that fraud was involved and how that determination would be made. *See Jaxson*, 970 F.3d at 777; *see also Howard v. Saul*, No. CV 7: 16-051-DCR, 2019 WL 5191831, at *4 (E.D. Ky. Oct. 15, 2019) ("Since the statutes provide only a framework for the redetermination process, the SSA was left to fill in the details."), aff'd sub nom. *Griffith*, 2021 WL 369735. The Seventh Circuit's decision also lends some limited support for the Commissioner's interpretation of the statute when it acknowledged that "[i]f an applicant is disabled, it should be possible to provide other evidence to that effect; excluding one potentially tainted report need not be dispositive, and erring on the side of exclusion, as the statute requires, seems a prudent precaution." *Jaxson*, 970 F.3d at 778. Therefore, contrary to Plaintiff's assertion, this Court cannot say that the Commissioner's prelitigation position had "no reasonable basis in the law." *Golembiewski*, 382 F.3d at 725.

With respect to the Commissioner's litigation conduct, the Commissioner argues that his position was substantially justified because the appropriateness of the SSA's redetermination process was an issue of first impression in the Seventh Circuit, other courts across the country were divided on the issues, including the divided decision of the Sixth Circuit in *Hicks*, 909 F.3d 786, and several district courts agreed with the Commissioner's arguments. *See* Defendant's Brief at 9, Dkt. 66 (listing cases).[1] The Commissioner further argues that his litigation position presented a "genuine dispute" about which "reasonable people could differ." *Pierce*, 487 U.S. at 565; *see also In re Fee Motions in Various Soc. Sec. Cases Affected by the Sixth Circuit Decision*, No. 17-5206, 2020 WL 109808, at *4 (E.D. Ky. Jan. 9, 2020) (finding the Commissioner's position substantially justified in part because "many seasoned, reasonable federal jurists agreed with the Government and found its redetermination process to be appropriate under the Due Process Clause and the APA."), aff'd sub nom. *Griffith*, 987 F.3d 556. This Court agrees that "uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position." *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009).

Plaintiff does not address this uncertainty in the law but maintains that the Commissioner's position was not substantially justified pursuant to *Golembiewski*, 382 F.3d at 724, because this

---

[1] While the Supreme Court has made clear that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified," it has recognized that such "objective indicia," though not dispositive, may be relevant. *Pierce*, 487 U.S. at 554, 569. Accordingly, this Court has considered the views expressed by other courts as just one factor in deciding whether the Commissioner's position was substantially justified.

4

Court and the Seventh Circuit used strong language against the Commissioner's position when finding that the SSA's redetermination process violated minimum due process and ordinary principles of administrative law. Plaintiff is correct that "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id*. However, in this case the Court does not find that *Golembiewski* supports Plaintiff's argument. Although the SSA's redetermination process was clearly found improper, the SSA did not commit the same egregious errors as the ALJ in *Golembiewski*, who ignored entire lines of evidence and drew conclusions that plainly contradicted the evidence. *Id.* This Court's and the Seventh Circuit's decision also did not make a wholesale rejection of the Commissioner's position or otherwise find that the Commissioner's argument had no reasonable basis in law like the court did in *Golembiewski*. *Id.* at 725. As stated above, the Seventh Circuit's decision in *Jaxson* even provided some support for the Commissioner's interpretation of the fraud statutes. *See Jaxson*, 970 F.3d at 778.

Plaintiff also asks this Court to follow the holding in *Bryant v. Saul*, No. 1:17CV220, 2020 WL 7137874, at *4 (N.D. Ind. Dec. 7, 2020). In *Bryant*, the court evaluated the Seventh Circuit's decision in *Jaxson* and found that the Commissioner's litigation conduct was not substantially justified and awarded EAJA fees to the plaintiff. *Id*. However, in finding the Commissioner's conduct not substantially justified, the court in *Bryant* relied in part on the Commissioner's lack of justification to defend the substantive errors in the ALJ's disability determination, which is not at issue here. As to the fraud argument, the court in *Bryant* found strong language against the Commissioner's position in *Jaxson* stating that the Seventh Circuit decision "was unanimous and clearly ruled that SSA's one-sided redetermination proceedings do not comport with ordinary principles of administrative law." *Id.* However, as stated above, this Court does not believe that the Seventh Circuit's language in *Jaxson* is the type of strong language sufficient to award EAJA fees as outlined in *Golembiewski*. Even if this is considered strong language, the Court finds that this alone is not enough to find that the Commissioner's position was not substantially justified based on the reasons identified above.

Moreover, the court in *Bryant* did not apply the standard set forth by the Supreme Court and the Seventh Circuit for determining whether the Commissioner's fraud argument was substantially justified. As set forth above, to be substantially justified, the Government's position must be "justified to a degree that could satisfy a reasonable person" and have a reasonable basis in fact and in law. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724. The court in *Bryant* did not analyze the Commissioner's litigation position under this standard or otherwise evaluate the novelty of the issue or the varying court decisions from across the country that had ruled in favor of the Commissioner on this issue. Instead, the court in *Bryant* focused on the prejudice the 1,787 claimants suffered when their benefits were suddenly subject to redetermination. *See Bryant*, 2020 WL 7137874, at *5 For these reasons, this Court respectfully declines to follow the *Bryant* decision.

The Commissioner urges this Court to rely on the Sixth Circuit's decision in *Griffith*, 2021 WL 369735, which was decided after *Bryant*, and found the Commissioner's position in similar Conn-related redetermination proceedings substantially justified and affirmed the denial of EAJA fees. The Court finds the analysis in *Griffith* more instructive than *Bryant* because the Sixth Circuit provided a thorough evaluation of the merits of the Commissioner's litigation position, including

5

the Commissioner's arguments relating to due process and the APA, which it found were substantially justified. *Id.* at *4-7. Although Plaintiff correctly points out that *Griffith* engaged in a deferential review of whether the district court judges had abused their discretion in denying EAJA fees, he makes no other attempt to distinguish the well-reasoned decision set forth by the court. *See also Tyler J.*, 2019 WL 3716817, at *3 ("The Seventh Circuit has directed district courts to give most respectful consideration to the decisions of the other courts of appeals and follow them whenever [they] can.").

### III. Conclusion

After considering the Commissioner's prelitigation conduct and his litigation position, the Court concludes that the Commissioner's position was substantially justified. Accordingly, Plaintiff's motion for attorneys' fees and costs is denied.

Date: March 4, 2021　　　　　　　　By:　　*Lisa A. J.*
　　　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge